INHABITANTS OF HANCOCK *vs.* THOMAS J. HAZZARD & another

A town treasurer and collector is liable for a breach of his bond in not paying over money collected by him, although the same is stolen from him without his fault.

THIS was an action of contract on a bond, executed by Thomas J. Hazzard, as principal, and Henry Whitman, one of the defendants, as surety. Said Hazzard was treasurer and collector of the town of Hancock for the year 1850–1851; and the condition of the bond was, that said Hazzard, " as treasurer and collector aforesaid, shall faithfully collect, account for, and pay over all taxes which he should be legally required to collect, and also with diligence and fidelity discharge all the other legal duties of the aforesaid office." The breach alleged was, that said Hazzard did not pay to the county treasurer, in pursuance of the warrant committed to him, the tax apportioned to said town of Hancock, and required to be paid by said town to the county treasurer; and that a part of said tax, namely, the sum of $326, still remains unpaid by the said Hazzard. The defendants, admitting that said Hazzard failed to pay over to said treasurer said sum, as alleged by the plaintiffs, offered to prove that after said sum had been collected by said Hazzard, and while it was in his possession as treasurer aforesaid, without any default on his part, and while in the exercise of due care, diligence, prudence, and fidelity, said sum was stolen from the dwelling-house of said Hazzard, in said town of Hancock.

It was agreed by the parties, that if the court should be of the opinion that the above facts, if proved, constitute a defence to this action, then the cause is to be set down for trial. If, on the other hand, the court are of opinion that said facts do not constitute a defence, judgment is to be rendered for the plaintiffs, for such sums and interest as said Hazzard had collected and failed to pay over. The court of common pleas having rendered judgment for the plaintiffs, upon the fore going statement of facts, the defendants appealed.

*H. S. Briggs*, for the defendants. 1. The contract between the treasurer and collector and the town is simply a contract of bailment. Story on Bailm. §§ 55–57, and §§ 618, 619; *Foster* v. *Essex Bank*, 17 Mass. 479, 505.

2. Treating the contract as one of bailment, whether a simple deposit, or a bailment for hire, the collector is not liable for the loss by theft of the property delivered to him. Story on Bailm. §§ 61, 62, 73, 79, 97, 442–445; *Whitney* v. *Lee*, 8 Met. 91; *Foster* v. *Essex Bank*, 17 Mass. 479.

3. But if the law of bailments is not applicable to this case, still the legal effect of the defendants' undertaking in the bond is nothing more than a pledge of fidelity in the execution of the trust of the office. *Foster* v. *Essex Bank*, 17 Mass. 501; *American Bank* v. *Adams*, 12 Pick. 303; *Huntsville Bank* v. *Hill*, 1 Stew. 101; *State Bank* v. *Locke*, 4 Dev. 529.

Treating the bond as a statute bond, the collector is not liable under any condition not prescribed by the statute, although the bond may include such unrequired condition. *Hall* v. *Cushing*, 9 Pick. 395, 404; *State Bank* v. *Locke*, 4 Dev. 529; *Farrar* v. *Barton*, 5 Mass. 395; *Polk* v. *Plummer*, 2 Humph. 500; *State* v. *Findley*, 10 Ohio, 51; *Shunk* v. *Miller*, 5 Barr, 250. Under our revised statutes, the treasurer and collector is liable only for the faithful discharge of the duties of his office. Rev. Sts. *c.* 15, § 58; *Inhabitants of Colerain* v. *Bell*, 9 Met. 499, 502; *United States* v. *Snyder*, 4 Wash. C. C. 559; *Supervisors of Albany* v. *Dorr*, 7 Hill, 583; 1 Denio, 268.

The facts set forth in the defendants' plea constitute a sufficient "accounting for" the funds received by him. Steph. Plead. (6th Am. ed.) 234.

Whatever the condition of the bond is adjudged to be, it is one imposed by law; and it is competent for the collector to plead, in excuse for non-performance, that performance has been prevented without fault on his part. Rev. Sts. *c.* 15, §§ 33, 40, 58; *Mill-Dam Foundery* v. *Hovey*, 21 Pick. 417, 430. 441; *Baylies* v. *Fettyplace*, 7 Mass. 325, 331; *Adams* v. *Nichols*, 19 Pick. 275, 276; *Colerain* v. *Bell*, 9 Met. 499, 502.

*J. D. Colt*, for the plaintiffs. 1. The collector was by con-

tract bound to pay over all moneys received by him to the town ; and the larceny of the funds will not excuse him. *Adams* v. *Nichols*, 19 Pick. 276 ; 2 Saund. 422, note to *Walters* v. *Waterhouse* ; Rev. Sts. *c.* 15, §§ 58, 60, 78, 80.

2. The funds of the town cannot be distinguished in cash from the collector's own money. *Colerain* v. *Bell*, 9 Met. 499.

BY THE COURT. A collector of taxes, by accepting the office, takes the risk of the safe-keeping of the money he has actually received. His obligation is not regulated by the law of bailments, and the cases cited to that effect are inapplicable. He is a debtor, an accountant, bound to account for and pay over the money he has collected. The loss of his money, therefore, by theft or otherwise, is no excuse for non-performance; this is founded on the nature of his contract, and considerations of public policy. *United States* v. *Prescott*, 3 How. R. 578. It being a duty of the collector to account for and pay over to the treasurer; *Inhabitants of Colerain* v. *Bell*, 9 Met. 499, and the excuse of loss by theft being unavailing, the sureties in the bond are liable equally with the principal.

*Judgment on the agreed facts for the plaintiffs.*